UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRED HOLABIRD, <br><br> Plaintiff, <br><br> v. <br><br> DONALD KAGIN, et al., <br><br> Defendants. | Case No. 3:14-cv-00262-HDM-CBC <br><br> **ORDER** |

## I. REPORT AND RECOMMENDATION

Plaintiff filed a motion for evidentiary hearing to enforce settlement agreement (ECF No. 197), and defendants filed a cross-motion to enforce settlement agreement (ECF No. 208). After an evidentiary hearing, the Magistrate Judge entered her report and recommendation (ECF No. 234), recommending that plaintiff's motion to enforce the settlement agreement be granted, and defendants' cross-motion be denied. Plaintiff filed an objection to the report and recommendation (ECF No. 238), and defendants filed a response (ECF No. 241). Defendants also filed an objection to the report and recommendation (ECF No. 239), and plaintiff filed a response (ECF No. 240).

The court has considered the pleadings and memoranda of the parties and other relevant matters of record and has made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law, and good cause appearing, the court herby **ADOPTS AND ACCEPTS** the report and recommendation of the United States Magistrate Judge (ECF No. 234). The court finds and concludes that the record supports the Magistrate Judge's conclusion that defendants breached the Settlement Agreement with plaintiff, causing plaintiff to incur damages in the amount of $499, 210.10. Plaintiff's motion to enforce settlement agreement (ECF No. 197) is **GRANTED**, and defendants' cross-motion to enforce settlement agreement (ECF

1

208) is **DENIED**. The court enters judgment in this case in favor of plaintiff and against defendants, jointly and severally, in the total amount of $499,210.10.

## II.   MOTION FOR ATTORNEY'S FEES

Also before the court is plaintiff's motion for attorney's fees (ECF No. 246). Defendants have opposed (ECF No. 247), and plaintiff has replied (ECF No. 248). Plaintiff seeks an award of fees in the amount of $101,005.00 and an award of costs in the amount of $9,161.31.

Plaintiff filed his motion pursuant to Federal Rule of Civil Procedure 54. Federal Rule of Civil Procedure 54(d)(1) allows an award of costs to the prevailing party. Federal Rule of Civil Procedure 54(d)(2) sets forth the procedure for obtaining an award of attorney's fees but does not provide the substantive basis for such an award. Fees are recoverable only if there is a rule, statute, or contract that authorizes such an award. *See MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999).

Here, plaintiff seeks an award of costs and fees pursuant to Section 18 of a Settlement Agreement ("SA") entered into with defendants. Section 18 reads as follows:

> **Indemnification.** The Parties hereto agree to indemnify and hold each other and each, every and all of their respective insurers, agents, representative, officers, directors, members, managers, spouses, attorneys, heirs, successors and assigns harmless from and against the aggregate of all expenses, losses, costs, deficiencies, liabilities and damages (including, without limitation, related counsel and paralegal fees and expenses) incurred or suffered by such indemnified parties resulting from or arising out of any breach of any of the representations or warranties made by them in this Agreement.

Settlement agreements are governed by the law of the forum state. *United Commercial Ins. Serv. Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). Under Nevada law, "a settlement agreement is a contract, [and] its construction and enforcement are governed by principles of contract law." *May v. Anderson*, 121 Nev. 668, 672 (119 P.3d 1254, 1257 (Nev. 2005). "Unlike most contracts, indemnification agreements are strictly construed and will not be held to provide indemnification unless it is so stated in clear and unequivocal language." *Casun Invest, A.G. v. Ponder*, No. 2:16-cv-2925-JCM-GWF, 2018 WL 6413161 at *2 (D. Nev. Dec. 6, 2018) (citing *George L. Brown Ins. v. Star Ins. Co.*, 237 P.3d 92, 97 (Nev. 2010)).

2

Plaintiff argues that the plain meaning of the indemnity provision provides for attorney's fees if any party breaches any of the representations made in the agreement. Defendants argue that the Indemnity Clause only applies to representations and warranties and neither section of the SA that plaintiff alleges were breached are representations or warranties. The court concludes that the language of Section 18 of the SA plainly states that the breaching party, in this case the defendants, will be responsible for all counsel and paralegal fees and expenses incurred out of any breach of any of the representations or warranties made in the SA. Here, the Magistrate Judge clearly found, and the court adopts the recommendation, that the defendants breached material terms and conditions of the SA, specifically that defendants breached Sections 9.1 and 9.2 of the SA. Defendants' conduct in breaching the terms of the SA by breaching the representation in the SA that defendants would make monthly payments of $12,500.00 and breaching the representation that defendants would provide $200,000.00 worth of Americana based on prices paid by plaintiff when he was an employee of HK, clearly falls under the umbrella of the indemnity clause of the SA, the terms of which are clear and unequivocal. Plaintiff is therefore entitled to an award of fees and costs pursuant to Section 18 of the SA.

In making an award of attorney's fees, the court begins by calculating the "lodestar." *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000). The lodestar is reached by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Id.* In determining the hours to be included in the lodestar, the court should exclude hours that are "excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).

In most cases, the lodestar is presumptively a reasonable fee award. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). However, if the circumstances warrant, the court may "adjust the lodestar to account for other facts that are not subsumed within it." *Id.* Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results

3

obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Cairns v. Franklin Mint. Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). "The court need not consider all factors – only those called into question by the case at hand and necessary to support the reasonableness of the fee award." *Cairns*, 292 F.3d at 1158 (citing *Kessler v. Assocs. Fin Servs. Co. of Hawaii*, 639 F.2d 498, 500 n. 1 (9th Cir. 1981).

Plaintiff's counsel seeks an hourly rate of $450.00 per hour for himself and $125.00 for his paralegal. Defendants make no argument as to the reasonableness of the hourly rates. The court concludes that these hourly rates are reasonable and customary hourly rates for the type of work performed in this case. Counsel seeks compensation for 208.4 hours of work for himself and 57.8 hours of work for his paralegal. Defendants make no argument as to the reasonableness of counsel's hours. The court concludes that the hours of work expended are reasonable in light of the extensive briefing and hearings conducted in relation to this case.

The court finds that all hours and the hourly rate submitted by counsel for compensation are reasonable. Therefore, the lodestar in this case is $101.005.00, representing 208.4 hours of work at $450.00 per hour and 57.8 hours of work at $125.00 per hour.

Accordingly, plaintiff's motion for attorney's fees and costs (ECF No. 246) is **GRANTED**. Plaintiff is awarded attorney's fees in the amount of $101,005.00.

### III. CONCLUSION

In accordance with the foregoing, it is ordered that the court hereby **ADOPTS AND ACCEPTS** the report and recommendation of the Magistrate Judge (ECF No. 234). Plaintiff's motion to enforce settlement (ECF No. 197) is **GRANTED**, and defendants' cross-motion to enforce settlement agreement (ECF No. 208) is **DENIED**. The court enters judgment in this case in favor of plaintiff and against defendants, jointly and severally, in the total amount of $499,210.10.

It is further ordered that plaintiff's motion for attorney's fees and costs (ECF No. 246) is **GRANTED** and plaintiff is awarded attorney's fees in the amount of $101.005.00.

4

1   It is further ordered that the Clerk of the Court shall tax the memorandum of costs attached
2   to plaintiff's motion for attorney's fees (ECF No. 246-1 at 33-57).
3   It is further ordered that the Clerk of the Court shall enter a judgment in favor of the plaintiff
4   and against the defendants in the amount of $499,210.10 together with attorney's fees in the
5   amount of $101,005.00 and taxable costs.

**IT IS SO ORDERED.**

DATED: This 17th day of April, 2019.

_____
UNITED STATES DISTRICT JUDGE